UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-132-RLV
(5:06-cr-44-RLV-CH-1)

| | |
|---|---|
| LARRY EUGENE MORRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Appeal Bond Pursuant to Rule 9 of the Appellate Procedure and/or Rule 23 of the Appellate Procedure and/or any other rule that may apply," (Doc. No. 26), and on Petitioner's "Motion for Expedited Hearing re Motion for Appeal Bond," (Doc. No. 27). In support of the motion for appeal bond, Petitioner seeks release pending his appeal to the Fourth Circuit Court of Appeals, stating, among other things, that he has a strong likelihood of success on appeal of this Court's denial of his motion to vacate under 28 U.S.C. § 2255.

Federal Rule of Appellate Procedure 23 governs the issue of release of a state or federal prisoner who is collaterally attacking his criminal conviction. However, in the habeas context, release pending appeal is reserved for "extraordinary cases involving special circumstances or a high probability of success." Land v. Deeds, 878 F.2d 318, 318 (9th Cir. 1989). A prisoner seeking release from custody under Rule 23 must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990) (alteration in original) (quoting

1

Aronson v. May, 85 S. Ct 3, 5 (1964)); see also U.S. v. Perkins, 53 F. App'x 667 (4th Cir. 2002). Showing that there is a substantial question is not enough. Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972). The test is the same for a case in which the district court has already reviewed and rejected petitioner's habeas petition. See United States v. Mett, 41 F.3d 1281 (9th Cir. 1994).

Petitioner's "Motion for Appeal Bond Pursuant to Rule 9 of the Appellate Procedure and/or Rule 23 of the Appellate Procedure and/or any other rule that may apply," (Doc. No. 26), is **DENIED,** as Petitioner has not met the high standard required to be granted bond. Petitioner's "Motion for Expedited Hearing re Motion for Appeal Bond," (Doc. No. 27), is **DENIED** as moot.

Signed: May 29, 2013

Richard L. Voorhees
United States District Judge